IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

LARRY BRUNER,                                )
                                             )
        Plaintiff,                           )
                                             )
v.                                           )   Case No. CIV-13-255-D
                                             )
THE CITY OF OKLAHOMA CITY                    )
AND OFFICER J. STEVENS,                      )
                                             )
        Defendants.                          )

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner[1] appearing *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging the use of excessive force during his

---

[1] Plaintiff is incarcerated at the Earl Davis Community Work Center located in Holdenville, Oklahoma. (Doc. # 11). Public records of the District Court of Oklahoma County accessed via the internet show Plaintiff entered a guilty plea on October 10, 2012, to charges of Eluding a Police Officer, Possession of Controlled Dangerous Substance (marijuana), and Driving a Motor Vehicle without a License, and he was sentenced to a 1-year term of imprisonment, an eight-year term of imprisonment, and a 1-year term of imprisonment, respectively, all to be served concurrently with each other and with the sentences in Case No. CF-12-2109. In the same case, he pled guilty to the misdemeanor offense of Operating a Motor Vehicle on which taxes are due the State, and he was sentenced to a fine. http://www.oscn.net/applications/ (docket sheet in Case No. CF-2011-5080 last accessed May 28, 2013). Plaintiff also entered a guilty plea on October 10, 2012, to charges of Possession of Controlled Dangerous Substance (cocaine base) and Possession of Controlled Dangerous Substance (marijuana) and was sentenced to an 8-year term of imprisonment and a concurrent 8-year term of imprisonment, to be served concurrently with the sentences entered in Case No. CF-11-5080. http://www.oscn.net/applications/ (docket sheet in Case No. CF-2012-2109 last accessed May 28, 2013). See State Farm Mut. Auto. Ins. Co. v. Boellstorff, 605 F.2d 1169, 1172 910th Cir. 2008)(recognizing courts may take judicial notice of documents from the public record); St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979)("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

1

arrest by an Oklahoma City police officer, Defendant Stevens, on March 28, 2012. Defendants City of Oklahoma City and Stevens have moved to dismiss Plaintiff's claims against them pursuant to Fed.R.Civ.P. 12(b)(6), and Plaintiff has responded to the Motion to Dismiss. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Motion be granted in part and denied in part, as more fully explained herein.

I. <u>Factual Allegations in Complaint</u>

In his Complaint filed March 13, 2013, Plaintiff alleges, in his own words, that on March 28, 2012,

> during a (stop) while I was on the (Ground) after [Defendant Stevens] asked me to (lie) there. He (stomped) on my (head) while I were (spred-eagle) on the ground. I have attached the Emergency Bill I recieved after I was treated for this injury.

Complaint, at 3. In an attachment to the Complaint, Plaintiff more specifically alleges that after he complied with Defendant Stevens' order to lie on the ground, Defendant Stevens "then used his (foot) to stomp on the [Plaintiff's] head while he was (spread-eagle) on the ground without any (justifiable reason), causing the [Plaintiff's] left side eye socket/and cheek bone to be (crushed fracture)," and that after he was transported to the Oklahoma County jail he was then transported to a local hospital for medical treatment "for injuries he sustained as a result of the Defendant stomping on his head." Complaint, Att. 1, at 2.

For this alleged constitutional violation, Plaintiff seeks monetary and punitive

damages.

II. Standard of Review

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). To survive a Rule 12(b)(6) motion, the plaintiff must allege sufficient facts to make his or her "claim for relief . . . plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007. While "[t]echnical fact pleading is not required . . . the complaint must still provide enough factual allegations for a court to infer potential victory." Bryson v. Gonzales, 534 F.3d 1282, 1286 (10th Cir. 2008). If the allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma ex rel. Dep't of Human Servs., 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Twombly, 550 U.S. at 570). Under this standard, the plaintiff's well-pleaded factual allegations are accepted as true and viewed in the light most favorable to the nonmoving party. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).

III. Motion to Dismiss - City of Oklahoma City and Defendant Stevens in his Official Capacity

Defendant City of Oklahoma City and Defendant Stevens, to the extent he is sued in his official capacity, move to dismiss Plaintiff's cause of action on the ground that Plaintiff has failed to assert the existence of an unconstitutional policy or custom sufficient to seek

damages under 42 U.S.C. § 1983.

"The mere fact that city police officers may have acted unconstitutionally cannot be the basis for municipal liability." Allen v. Muskogee, Okla., 119 F.3d 837, 846 (10th Cir. 1997)(citing, *e.g.*, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1977)). Under 42 U.S.C. § 1983, a municipality may be held liable "only for its own unconstitutional or illegal policies and not for the tortious acts of its employees." Barney v. Pulsipher, 143 F.3d 1299, 1307 (10th Cir. 1998)(quotation omitted). "[A] municipality is liable only when the official policy is the 'moving force' behind the injury alleged." Id. "Proving a single incident of unconstitutional conduct is not enough. Rather, a plaintiff must show that the incident resulted from an existing, unconstitutional policy attributable to a municipal policymaker." Nielander v. Bd. of County Comm'rs of County of Republic, Kan., 582 F.3d 1155, 1170 (10th Cir. 2009). Thus, a local government can be held liable for its employee's constitutional violations only if its employees are "execut[ing the] governments' policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Monell, 436 U.S. at 694.

A [§ 1983] suit against individual defendants in their official capacities is essentially the same as a suit against the [municipality]." Barney, 143 F.3d at 1307 n. 4. "To survive a motion to dismiss, an official capacity claim must allege sufficient facts to show that a specific policy or custom was the moving force behind the alleged violation." Dalcour v. City of Lakewood, 492 Fed.Appx. 924, 930 (10th Cir. 2012)(unpublished op.)(citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)).

Plaintiff's allegations in his Complaint do not identify any official Oklahoma City policy or a custom instituted by the city or a city policymaker causing his alleged injuries. Plaintiff alleges that the City of Oklahoma City was the "employer" of Defendant Stevens and was responsible for the conduct of Defendant Stevens "whe[n] he injured (me) . . . during a (stop). . . ." Complaint, at 1, 3. Plaintiff makes similar allegations of vicarious and official capacity liability in an attached brief. He alleges that his injuries were the "direct result of the actions of [Defendant Stevens] while he was acting in his official duty for the City of Oklahoma City, Oklahoma." Complaint, att. 1, at 1. Plaintiff asserts in the brief that "[t]he City of Oklahoma City has a duty as an employer of this officer to make sure this officer acts appropriatle [sic], when he engaged the Plaintiff, in his duties." Complaint, att. 1, at 4.

In response to Defendants' Motion to Dismiss, Plaintiff again alleges Defendants are liable to Plaintiff for a single incident in which he was injured by Defendant Stevens, an Oklahoma City police officer, while he was "not resisting [arrest] in any manner whatsoever. As such the officer's actions were not only cruel, unusual, and excessive, but unnecessary." Plaintiff's Response to Defendant's Motion to Dismiss (Doc. # 19), at 1.

"The teachings of *Monell* and its progeny proscribe the attachment of vicarious liability to a municipality merely because the municipality employed the individual who committed a constitutional violation. It is absolutely necessary to show that 'the execution of the government's policy or custom . . . inflict[ed] the injury' [in order to hold a] municipality liable under § 1983." Olsen v. Layton Hills Mall, 312 F.3d 1304, 1318 (10th Cir. 2002)(quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)(internal quotations

5

omitted). Plaintiff has failed to state a plausible claim for relief under 42 U.S.C. § 1983 against Defendant City of Oklahoma City and against Defendant Stevens in his official capacity. Therefore, Defendants' Motion to Dismiss Plaintiff's cause of action against Defendant City of Oklahoma City and Plaintiff's cause of action against Defendant Stevens in his official capacity should be granted.

As Defendant Stevens has not sought dismissal of the action under Rule 12(b)(6) with respect to Plaintiff's § 1983 claim of excessive force against Defendant Stevens in his individual capacity, that claim remains pending.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendants' Motion to Dismiss (Doc. #17) Plaintiff's cause of action against Defendant City of Oklahoma City and Plaintiff's cause of action against Defendant Stevens in his official capacity be GRANTED pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted and the cause of action be dismissed without prejudice as to these claims.

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by ___June 18th___, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   29th   day of   May  , 2013.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE