## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY BRUNER, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | )   NO. CIV-13-255-D |
| | ) |
| THE CITY OF OKLAHOMA CITY and | ) |
| OFFICER J. STEVENS, | ) |
| | ) |
| Defendants. | ) |

### **O R D E R**

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brought this action pursuant to 42 U. S. C. § 1983, contending his constitutional rights were violated because Defendant J. Stevens allegedly used excessive force against Plaintiff during his March 28, 2012 arrest. Pursuant to 28 U. S. C. § 636(b)(1)(B) and (C), this matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings. Defendants filed a motion to dismiss the claims, arguing that the allegations fail to state a plausible claim for relief. Plaintiff timely responded to the motion.

On May 29, 2013, the Magistrate Judge filed a Report and Recommendation [Doc. No. 20] in which he recommended that Defendants' motion to dismiss be granted in part and denied in part. More specifically, he recommended that the Court grant the motion to the extent it seeks dismissal of the claims asserted against Defendant Stevens in his official capacity as an Oklahoma City police officer and to the extent it asserts claims against the City of Oklahoma City. The Magistrate Judge recommended that the motion be denied to the extent it seeks dismissal of the claims asserted against Defendant Stevens in his individual capacity.

Plaintiff timely objected to the Report and Recommendation, and Defendants responded to

the objections. The matter is now reviewed *de novo.*

Pursuant to Fed. R. Civ. P. 12(b)(6), a motion to dismiss tests the sufficiency of the factual allegations in the Complaint. Where the Complaint fails to allege facts sufficient to state a plausible claim for relief against a defendant, it is subject to dismissal. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Where the Complaint asserts a violation of § 1983 by a municipal employee, the municipality cannot be liable, as a matter of law, on a theory of *respondeat superior. Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1977). Instead, a municipality may be liable under § 1983 only for "its own unconstitutional or illegal policies, and not for the tortious acts of its employees." *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998). Thus, to state a plausible claim for relief against a municipality based on the alleged unconstitutional conduct of its employee, a plaintiff must allege facts to show that the challenged conduct resulted from the employee's execution of the municipality's policy or custom. *Monell*, 436 U.S. at 694.

In this case, the Magistrate Judge correctly concluded that the Complaint asserts no factual allegations that Defendant Stevens's actions were taken pursuant to an official custom or policy of the City of Oklahoma City. Even if his actions are determined to have violated Plaintiff's rights, the City of Oklahoma City is not liable under § 1983 for a "single incident of unconstitutional conduct." *Nielander v. Bd. of County Comm'rs of County of Republic, Kansas*, 582 F.3d 1155, 1170 (10th Cir. 2009). Accordingly, the Magistrate Judge correctly concluded that the Complaint fails to state a claim for relief against the City of Oklahoma City.

As the Magistrate Judge also concluded, the same result applies to Officer Stevens in his official capacity. An official capacity suit against a state actor is essentially the same as a suit against the governmental entity that employs him. *Barney*, 143 F.3d at 1307 n. 4. To state a

plausible claim for relief against an employee in his official capacity, a plaintiff must thus allege that he acted in conformity with a specific official municipality custom or policy which was "the moving force behind the alleged violation" of his rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

In this case, Plaintiff identifies no unconstitutional policy or custom and asserts no allegations that Defendant Stevens was acting in conformity with any municipal policy or custom.

Plaintiff's objections to the Report and Recommendation offer no argument or authority contrary to the well-established legal precedent discussed in the Report and Recommendation. The objections do not support the argument that the Court should not dismiss the claims against the City of Oklahoma City or against J. Stevens in his official capacity.

Accordingly, the Court adopts the Report and Recommendation [Doc. No. 20] as though fully set forth herein. The motion to dismiss is GRANTED as to Plaintiff's claims against the City of Oklahoma City and against J. Stevens in his official capacity. The dismissal is without prejudice.[1] The motion is DENIED as to the claims asserted against J. Stevens in his individual capacity, and the case will proceed on those claims. The matter remains under referral to Magistrate Judge Purcell.

IT IS SO ORDERED this 26th day of July, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] In the Report and Recommendation, the Magistrate Judge did not discuss whether Plaintiff should be authorized leave to amend the Complaint. Because this matter remains under referral, that matter may subsequently be addressed by the Magistrate Judge.