UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY BRUNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-13-255-D |
| OFFICER J. STEVENS, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Larry Bruner, a state prisoner appearing pro se, brings this federal civil rights action against Defendant Jeran Stevens, an Oklahoma City police officer, alleging the use of excessive force during his arrest in violation of the Fourth Amendment of the United States Constitution.[1]  *See* Compl. (Doc. No. 1).  United States District Judge Timothy D. DeGiusti has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636.

Defendant Stevens has filed a Motion for Summary Judgment (Doc. No. 39). Plaintiff did not file a responsive brief within the allotted time or thereafter. *See* LCvR 7.1(g), 56.1(c).  Accordingly, Defendant Stevens' Motion is now at issue.  Having considered the arguments, pleadings, and evidentiary materials, the undersigned recommends that Defendant Stevens' Motion be GRANTED.

---

[1] The current iteration of Plaintiff's suit raises a Fourth Amendment claim only against Defendant Stevens in his individual capacity.  Plaintiff initially also had sued Defendant Stevens in his official capacity, as well as the City of Oklahoma City, but those claims were dismissed on July 26, 2013.  *See* Order (Doc. No. 31).

## STANDARD OF REVIEW

Summary judgment is a means of testing in advance of trial whether the available evidence would permit a reasonable jury to find in favor of the party asserting a claim. The Court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the Court views the evidence and the inferences drawn from the record in the light most favorable to the non-moving party. *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

A party that moves for summary judgment has the burden of showing that the undisputed material facts require judgment as a matter of law in its favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To defeat summary judgment, the nonmovant need not convince the Court that it will prevail at trial, but it must cite sufficient evidence admissible at trial to allow a reasonable jury to find in the nonmovant's favor—i.e., to show that there is a question of material fact that must be resolved by the jury. *See Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). Parties may establish the existence or nonexistence of a material disputed fact through:

- citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials" in the record; or

- demonstration "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A)-(B).

Although the Court generally views the evidence in the light most favorable to Plaintiff as the nonmoving party, because Plaintiff did not respond to Defendant Stevens' Motion and did not specifically controvert the statement of material facts set forth therein, these facts are "deemed admitted for the purpose of summary judgment." *See* LCvR 56.1(c); Def.'s Mot. Summ. J. (Doc. No. 39) ¶¶ 1-18 (Statement of Material Facts);[2] *accord* Fed. R. Civ. P. 56(e)(2). The record reflects that Plaintiff had notice of Defendant Stevens' Motion, which was filed September 30, 2013. The Certificate of Mailing filed by Defendant Stevens' attorney avers that, on the date the Motion was filed, a copy was mailed to Plaintiff at the address on file with the Court. Def.'s Mot. Summ. J. at 10. Further, Defendant Stevens specifically discussed the Motion, and Plaintiff's lack of response, in a subsequent court filing that was also served on Plaintiff. *See* Doc. No. 47. Despite numerous submissions since Defendant Stevens' Motion was filed, Plaintiff has not responded to the Motion or requested additional time to respond to the Motion. *See, e.g.*, Doc. Nos. 40, 45, 46; *cf.* Fed. R. Civ. P. 56(d). Further, Plaintiff was aware of his opportunity to respond and the effect of not responding. Both the federal and local civil rules apply to pro se litigants and expressly contemplate the filing of a response to a motion for summary judgment. *See* LCvR 7.1(e), (g), 56.1(c); Fed. R. Civ. P. 56(c); *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (holding that while a pro se litigant's pleadings will be construed liberally, such a litigant nevertheless must comply with the same rules of procedure as are binding on other litigants). Indeed, in this case, Plaintiff

---

[2] References to the material facts stated in Defendant's Motion for Summary Judgment are given as "Material Facts ¶ __."

3

filed a timely response to a previous dispositive motion. Doc. No. 19 (citing Fed. R. Civ. P. 56).

Even without a response from Plaintiff, however, the Court still must determine whether judgment for the moving party is appropriate under Federal Rule of Civil Procedure 56. *See Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002).

> [A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is "appropriate" under Rule 56. Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.

*Id.* at 1195.

In other words, although certain facts are deemed admitted, Defendant Stevens' Motion is not confessed, as the undersigned still must decide whether Defendant Stevens is entitled to judgment as a matter of law based upon the material facts asserted and properly supported in the Motion and applicable legal principles. *See* Fed. R. Civ. P. 56(a), (c), (e)(3); LCvR 56.1(b); *Reed*, 312 F.3d at 1195-96. In undertaking this assessment, the undersigned has treated Plaintiff's verified Complaint—as to the factual allegations in support of his Fourth Amendment claim—as an affidavit for summary judgment purposes. *See Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988); Compl.; Compl. Ex. 1 (Doc. No. 1-1); Fed. R. Civ. P. 56(c)(4).

4

BACKGROUND

For purposes of consideration of Defendant Stevens' Motion, the relevant facts are as follows. On March 28, 2012, at approximately 10:50 p.m., Plaintiff was outside on an Oklahoma City street in the area of Northwest 12th Street and North Barnes Avenue. Compl. Ex. 1 at 2; Material Facts ¶¶ 2, 3; J. Stevens Aff. ¶¶ 2, 3 (Doc. No. 39-4).[3] That area has a high volume of drug traffic. Material Facts ¶¶ 2, 3; J. Stevens Aff. ¶¶ 2, 3. Defendant Stevens and other Oklahoma City police officers were in the area to conduct a narcotics investigation. Material Facts ¶ 2; J. Stevens Aff. ¶ 2. Defendant Stevens observed Plaintiff engage in a transaction with another man involving crack cocaine. Material Facts ¶ 3; J. Stevens Aff. ¶ 3. Defendant Stevens and another Oklahoma City police officer approached Plaintiff. Compl. Ex. 1 at 2; Material Facts ¶ 4; J. Stevens Aff. ¶ 4.

When Defendant Stevens approached Plaintiff, Defendant Stevens was in plain clothes but wearing a ballistic vest with the word "POLICE" across the front in 3-inch high letters. Material Facts ¶ 4; J. Stevens Aff. ¶ 5; Photographs of Officers (Doc. No. 39-5). When Plaintiff saw Defendant Stevens, Plaintiff began to run. Compl. Ex. 1 at 2; Material Facts ¶ 5; J. Stevens Aff. ¶ 6. Officer Stevens yelled at Plaintiff to stop, but Plaintiff continued. Compl. Ex. 1 at 2; Material Facts ¶ 5; J. Stevens Aff. ¶ 6. Plaintiff then either fell to the ground or laid down on the ground. *Compare* Compl. Ex. 1 at 2, *with* Material Facts ¶¶ 5-6, *and* J. Stevens Aff. ¶¶ 6-7.

---

[3] References to filings use the ECF pagination.

While Plaintiff was on the ground, Defendant Stevens and another police officer caught up to him. Compl. Ex. 1 at 2; Material Facts ¶ 6; J. Stevens Aff. ¶ 7. The officers used some amount of force to take Plaintiff into custody and to place Plaintiff into handcuffs. Compl. Ex. 1 at 2; Material Facts ¶ 7; J. Stevens Aff. ¶ 8. According to Plaintiff, Defendant Stevens "stomp[ed]" on Plaintiff's head while Plaintiff was "spread-eagle on the ground." Compl. Ex. 1 at 2 (parentheses omitted). According to Defendant Stevens, he at no time kicked or stomped on Plaintiff; rather, he "used his hands to bring [Plaintiff's] right arm behind [Plaintiff's] back for handcuffing, and placed his right knee between [Plaintiff's] shoulder blades, using his body weight to prevent [Plaintiff] from escaping custody." Material Facts ¶¶ 7-8; *accord* J. Stevens Aff. ¶¶ 8-9. Defendant Stevens states that he then "placed his right foot on the ground between [Plaintiff's] head and right shoulder, and used his left foot for balance." Material Facts ¶ 7; *accord* J. Stevens Aff. ¶ 8.

After Plaintiff was handcuffed, Defendant Stevens found crack cocaine, marijuana, and drug paraphernalia on Plaintiff's person. Material Facts ¶ 9; J. Stevens Aff. ¶ 10. Plaintiff later pleaded guilty to two counts of Possession of a Controlled Dangerous Substance After Former Conviction in Oklahoma state court. Def.'s Mot. Summ. J. Ex. 2 (Doc. No. 39-2); *see State v. Bruner*, No. CF-2012-2109 (Okla. Cnty. Dist. Ct. filed Apr. 6, 2012) (docket publicly available through http://www.oscn.net).

After Plaintiff was arrested, there was a Use of Force/Physical Compliance Investigation conducted by the Oklahoma City Police Force. Material Facts ¶¶ 11-14; J. Dawson Aff. ¶¶ 2-5 (Doc. No. 39-7). Lieutenant John Dawson conducted the

investigation and determined that Defendant Stevens had used minimal force in effecting Plaintiff's arrest. Material Facts ¶ 12; J. Dawson Aff. ¶ 5. Lieutenant Dawson interviewed Plaintiff on the night of his arrest and noted in his interview summary that Plaintiff stated, "I tripped in the grass and fell down." Dawson Subject Interview (Doc. No. 39-8); *accord* Material Facts ¶ 13; J. Dawson Aff. ¶ 3. Lieutenant Dawson also took photographs of Plaintiff's injuries on the night of his arrest, which are attached to his sworn affidavit. Material Facts ¶ 14; J. Dawson Aff. ¶ 4; Photographs of Scene (Doc. No. 39-9).

Just after midnight following his arrest, Plaintiff was taken to a local hospital for medical treatment for the injuries he sustained during his interaction with the police officers. Compl. Ex. 1 at 2; Material Facts ¶¶ 15-18; Medical Records at 1-22 (Doc. No. 39-10). The Medical Records show that Plaintiff was examined and that a CT scan of his brain was negative. Medical Records at 1, 5. The Medical Records also show a diagnosis of head trauma, as well as fractures of Plaintiff's left maxillary sinus and possibly the left orbital wall. Medical Records at 8; Material Facts ¶ 17. The Medical Records further reflect a diagnosis of a deformity of the left zygomatic arch that was "suggestive of a fracture" but "may be old." Medical Records at 8; Material Facts ¶ 17. Plaintiff's nose was noted to be "[n]ormal" and his pupils "equal, round, and reactive to light." Medical Records at 4; Material Facts ¶ 16. The Medical Records additionally reflect the medical provider's impressions that Plaintiff was alert and in no distress. Medical Records at 4; Material Facts ¶ 16. Plaintiff had "small abrasions" on the left side of his forehead and eye socket and slight edema, but "no active bleeding." Medical

Records at 6; Material Facts ¶ 16. Plaintiff was prescribed an antibiotic and a painkiller, discharged in "[g]ood" condition after being at the hospital for less than three hours, and transported to jail. Medical Records at 2, 4, 15; Material Facts ¶¶ 15, 18.

ANALYSIS

In evaluating a claim of excessive force under the Fourth Amendment, the precise question asked is "'whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1313 (10th Cir. 2009) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). The Tenth Circuit has described the following non-dispositive factors to be considered in evaluating a claim of excessive force:

> Excessive force claims are governed by the Fourth Amendment's "objective reasonableness" standard. . . . In determining whether the use of force is reasonable in a particular situation, we consider (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to flee.

*Morris v. Noe*, 672 F.3d 1185, 1195 (10th Cir. 2012) (citation and internal quotation marks omitted); *accord Thomson*, 584 F.3d at 1313. "We assess objective reasonableness based on whether the totality of the circumstances justified the use of force, and pay careful attention to the facts and circumstances of the particular case." *Thomson*, 584 F.3d at 1313 (internal quotation marks omitted). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

8

Here, under the undisputed facts, Defendant Stevens' actions were objectively reasonable and did not constitute excessive force in violation of the Fourth Amendment. Plaintiff was in an area at night that has a high volume of drug traffic. Material Facts ¶¶ 2, 3; J. Stevens Aff. ¶¶ 2, 3. Plaintiff was participating in a street-level drug transaction and admits that he ran away when Officer Stevens approached, *see* Compl. Ex. 1 at 2, despite Officer Stevens' vest being emblazoned "POLICE." Material Facts ¶ 4; J. Stevens Aff. ¶ 5; Photographs of Officers. In these circumstances, a reasonable officer could believe that Plaintiff was potentially armed and dangerous. *See United States v. Garcia*, 459 F.3d 1059, 1065 (10th Cir. 2006) ("Because weapons and violence are frequently associated with drug transactions, it is reasonable for an officer to believe a person may be armed and dangerous when the person is suspected of being involved in a drug transaction." (internal quotation marks omitted)). Given "the severity of the crime at issue," the possibility of an "immediate threat," and Plaintiff's "attempt[] to flee," it was not unreasonable or unjustified for Defendant Stevens and his fellow officers to employ, for purposes of apprehending and arresting Plaintiff, the physical force that is described in the evidentiary materials Defendant Stevens submits. *See Morris*, 672 F.3d at 1195; *Thomson*, 584 F.3d at 1313-14, 1317; Material Facts ¶¶ 7-8; J. Stevens Aff. ¶¶ 8-9.[4]

Although courts generally must view the facts in the light most favorable to the nonmoving party, such a lens is applied "only if there is a genuine dispute as to those

---

[4] Defendant Stevens allows that the reasonable use of force "does not equate with 'stomping' on Bruner's head or face." *See* Def.'s Mot. Summ. J. at 7.

facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007); Fed. R. Civ. P. 56(c)(1). The undersigned has considered the verified statements made by Plaintiff in his Complaint, but whether those statements would be sufficient to create a genuine dispute of fact "must be evaluated in light of the principle that conclusory allegations without specific supporting facts have no probative value." *See Nichols v. Hurley*, 921 F.2d 1101, 1113 (10th Cir. 1990) (internal quotation marks omitted); *United States v. Boomershine*, No. 91-7107, 1992 WL 164280, at *2 (10th Cir. July 13, 1992). The opponent to a summary judgment motion must show more than "some metaphysical doubt as to the material facts"; if the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

Here, close-up photographs of Plaintiff's face taken contemporaneously with the events of March 28, 2012, show only a minor scrape above Plaintiff's left eye and no other bleeding or bruising. *See* Photographs of Scene at 3, 5-6. Lieutenant Dawson noted in his investigation notes and sworn affidavit that there was no noticeable swelling on Plaintiff's face. Dawson Subject Interview; *see also* J. Dawson Aff. ¶ 5. Further, Plaintiff's medical records from the night of his arrest reflect small facial abrasions and fractures treatable through only antibiotics and painkillers, with no necessity for

hospitalization or surgery.[5] Medical Records at 2, 4, 6, 8, 15; Material Facts ¶¶ 16-18. These injuries are consistent with the undisputed fact of a fall by Plaintiff followed by the apprehension and handcuffing of Plaintiff as described by Defendant Stevens. *See* J. Stevens Aff. ¶¶ 6-7; Material Facts ¶¶ 5-6; *see also* Dawson Subject Interview (stating that Plaintiff told the investigator both that he was stomped in the face and that he "tripped in the grass and fell down"). The injuries established by the objective medical records are inconsistent with the description given by Plaintiff of violent force.

Plaintiff has not contended that the Photographs or Medical Records are "doctored or altered in any way." *See Scott*, 550 U.S. at 378. Indeed, Plaintiff himself submitted these same medical records to the Court as proposed evidence. *See* Doc. Nos. 36, 50. Plaintiff has verified his allegation that he was stomped on, but—beyond this bare testimony—presents no evidence *genuinely* disputing the properly supported facts showing that no such action occurred. Although Plaintiff alleges in his Complaint that he was lying down when handcuffed by police officers, Plaintiff's allegations do not refute the possibility that he reached that position through a fall or that he resisted thereafter such that at least some use of force was required to handcuff him. Because Plaintiff's sole support for his contention of violent force is his own testimony, and that testimony is contradicted by objective medical records as well as other testimony, the undersigned finds that the evidentiary material in the record, even when construed in favor of Plaintiff, does not create a genuine question of fact that would prevent the conclusion that

---

[5] Though Plaintiff's medical records include discharge instructions to follow up with an ENT, Plaintiff has not alleged that he has sought medical treatment beyond that received immediately after his arrest. *See* Medical Records at 2, 5, 16; Compl.; Compl. Ex. 1.

Defendant Stevens did not "stomp" on Plaintiff's head or face or that Defendant Stevens' use of force was objectively reasonable. Defendant Stevens thus is entitled to judgment as a matter of law on Plaintiff's Fourth Amendment claim. *See* Fed. R. Civ. P. 56(a), (e)(3).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Motion for Summary Judgment (Doc. No. 39) filed by Defendant Jeran Stevens in his individual capacity be GRANTED and summary judgment be entered in Defendant Stevens' favor on Plaintiff's Fourth Amendment claim.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by the 26th day of August, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties further are advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in the present case.

ENTERED this 5th day of August, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE