## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY BRUNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-255-D |
| ) | |
| OFFICER J. STEVENS, ) | |
| ) | |
| Defendant. ) | |

# O R D E R

This matter is before the Court for review of the Report and Recommendation [Doc. No. 59]

issued on August 5, 2014, by United States Magistrate Judge Charles B. Goodwin pursuant to 28

U.S.C. § 636(b)(1)(B) and (C). In this action brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges

a violation of his federal constitutional rights under the Fourth Amendment on grounds Defendant

Jeran Stevens, an Oklahoma City police officer, used excessive force during Plaintiff's arrest. The

Magistrate Judge determined Defendant was entitled to judgment as a matter of law based on the

undisputed material facts presented and the applicable law.

Plaintiff timely filed an objection [Doc. No. 60] to the Report and Recommendation.

Therefore, this Court conducts a *de novo* review and considers the records, pleadings and applicable

law. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3).

## I.    Summary Judgment Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P.

56(a). In considering a motion for summary judgment, the court must view the facts and inferences

drawn from the record in the light most favorable to the nonmoving party. *Burke v. Utah Transit*

*Authority and Local* 382, 462 F.3d 1253, 1258 (10th Cir.2006) (quotation omitted). Although

Defendant, as the moving party, bears the initial burden of production, once he meets this burden, Plaintiff "may not rest on [his] pleadings, but must bring forward specific facts showing a genuine issue for trial." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir.2010) (citation and internal quotations omitted).

## II.    <u>Analysis</u>

The Fourth Amendment protects citizens against unreasonable seizures. The Magistrate Judge correctly set forth the standards governing a claim of excessive force under the Fourth Amendment. The Court must determine whether the officer's conduct was objectively reasonable under the circumstances. *Cavanaugh v. Woods Cross City*, 718 F.3d 1244, 1248 (10th Cir. 2013); *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1313 (10th Cir. 2009). The officer's intent or motive is not to be considered. *Id.* Factors a court may consider to determine whether the officer's conduct was objectively reasonable include: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the officer or others; and (3) whether the suspect is actively resisting arrest or attempting to flee. *Cavanaugh*, 718 F.3d at 1249 (*citing Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Based on the undisputed and material facts[1], the Magistrate Judge determined Defendant Stevens' conduct was objectively reasonable because the arrest took place at night in a high drug-trafficking area, Plaintiff was engaged in a drug transaction, and Plaintiff ran away when Defendant approached him. As a result, the Magistrate Judge determined the amount of force used by officers to effect the arrest was reasonable and not excessive. Contrary to Plaintiff's singular allegation that he was "stomped in the head," the medical records and subsequent internal police investigation

---

[1] Plaintiff failed to respond to the motion, and the Magistrate Judge correctly deemed Defendant Stevens' statement of material facts to be admitted for purposes of the motion. *See* Report and Recommendation, p.3.

support the conclusion that the use of force was not excessive. As the Magistrate Judge noted: "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III. Conclusion

Plaintiff's objection to the Report and Recommendation contains no persuasive argument or authority, or additional facts, which warrant rejection of the findings and conclusions set forth therein. Accordingly, having reviewed the Report and Recommendation and the record in this case as well as Plaintiff's arguments, the Court concludes that the Report and Recommendation should be adopted.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 59] is ADOPTED and Defendant's Motion for Summary Judgment [Doc. No. 39] is GRANTED. A separate judgment shall be entered contemporaneously with the filing of this Order.

IT IS SO ORDERED this 9th day of September, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE